IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>LENARD JAMES HIGLEY,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO EXPUNGE<br><br><br>Case No. 2:01-CR-207-TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion to Expunge. Defendant summarily requests expungement for "career advancement."[1] District courts have no statutory authority to expunge a criminal conviction.[2] However, the Tenth Circuit has stated that district courts have the inherent authority to do so in "extreme cases," when a conviction has been invalidated, such as when the conviction is unconstitutional, illegal, or obtained through government misconduct.[3] Here, Defendant has given no basis whatsoever to expunge his conviction, aside from desiring to enhance his job prospects. Defendant has not alleged his conviction is invalid. While laudable, his desire to enhance his job prospects is not an extreme case warranting expungement of a conviction. The Court finds that Defendant has not alleged a legally viable claim for relief. The Court therefore denies the expungement motion on that basis alone.[4]

---

[1] Docket No. 35.

[2] *United States v. Pinto*, 1 F.3d 1069, 1070 (10th Cir. 1993).

[3] *Id.* at 1070.

[4] *Id.* at 1071 ("Defendant argues that it was improper to deny her petition without holding a hearing. . . . Absent an allegation that the conviction was somehow invalid, Defendant's

It is therefore

ORDERED that Defendant's Motion to Expunge (Docket No. 35) is DENIED.

DATED this 29th day of May, 2024.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

arguments that she had been punished enough are simply insufficient as a matter of law."); *United States v. Trzaska*, 781 F. App'x 697, 701 (10th Cir. 2019) ("An expungement motion may fail to aver a legally viable claim for relief on its face; if so, it should be denied on that basis").